UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

JACOB LEE PRICE,                          )
                                          )
            Petitioner,                   )
                                          )
      vs.                                 )          CAUSE NO. 3:09-CV-409 JVB
                                          )
SUPERINTENDENT, MIAMI                     )
CORRECTIONAL FACILITY,                    )
                                          )
            Respondent.                   )

## OPINION AND ORDER

Petitioner Jacob Price, a prisoner confined at the Miami Correctional Facility, filed a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254 regarding his conviction of attempted murder

in the Tippecanoe Superior Court, for which he received a sentence of sixty-five years

imprisonment. The Indiana Supreme Court affirmed the conviction. The records of this court

establish that Price filed an earlier petition for writ of habeas corpus in 3:93cv821AS, which was

dismissed without prejudice on January 6, 1995. Price subsequently filed a petition for post-

conviction relief, which is still pending in state court.

Price asserts in his petition that the post-conviction court "refuses to grant me my right to

pre-trial record of proceedings" [petition at 6] and that the "trial court continues to deny my right

of access of [the] pretrial proceedings." *Id.* at 7. The petitioner does not ask the Court to review his

conviction at this time; rather, he asks the Court to intervene in his pending post-conviction action

and order the presiding state trial court to "grant both request[s] for discovery, and motion for

completion of the record." *Id.* at 12.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated

to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Price brings this action under 28 U.S.C. § 2254, which provides for federal collateral review of confinement based on a judgment of a state court. Section 2254 states that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." This petition does not ask the court to review Price's conviction to ensure that it complies with Constitutional standards. Rather, he asks this court to intervene in his post-conviction proceedings and order the state trial court to take certain actions. This is not relief that is available in a petition for writ of habeas corpus.

Moreover, the abstention doctrine precludes this court from granting Price's request that it order the state trial court overseeing his petition for post-conviction relief to take specific actions. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971) requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism. More recently, the courts have expanded application of the abstention doctrine to state civil cases and, in some cases, administrative proceedings. The *Younger* principle, in its present form, basically provides "that, absent extraordinary circumstances, a federal court should not interfere with pending state judicial proceedings." *Hickey v. Duffy*, 827 F.2d 234, 244 (7th Cir.1987) (Flaum, J. Conc.). In *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982), the Supreme Court applied a three-part analysis in deciding to abstain under *Younger* in deference to state bar disciplinary proceedings. The three inquiries the

Court identified are: "first, do state [proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* Based on the *Younger* principles, there is no justification for this Court to intervene in Price's post-conviction proceedings.

Price's earlier petition for writ of habeas corpus in 3:93cv821 AS was dismissed without prejudice. This Court will also dismiss this petition without prejudice so that a future § 2254 petition filed by Price on the merits will not be a second and successive petition that would require him to receive authorization from the United States Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2244(b)(3).

For the foregoing reasons, the court DISMISSES this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on November 9, 2009

       s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT
HAMMOND DIVISION